IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


PHILLIP VAN ZANT,

       Plaintiff,

vs.                                      4:08CV226-RH/AK

JIMMIE L. HENRY,

       Defendant .

                                /

## REPORT AND RECOMMENDATION

Plaintiff brings this cause pursuant to 42 U.S.C. §1983 alleging that recently convicted parole commissioner Jimmie Henry is liable to him for damages because Plaintiff was denied funds to subpoena five witnesses for attendance at a parole revocation hearing which culminated in revocation dated August 8, 2001. (Doc. 12, Exhibit A-4). Plaintiff requested these witnesses from parole examiner Mr. Willis on December 19, 2000, but claims that he only recently realized why he did not have these witnesses when he read about Henry's conviction on May 12, 2004. Thus, he claims that the statute of limitations should not run against him until this date or even later since he did not know the full nature of Henry's actions until he received a copy of the investigative report pursuant to his public records request on September 25, 2005, which he has attached to the complaint. (Doc. 12, Exhibit A-6).

By Order dated October 2, 2008, Plaintiff was advised to explain the connection between Henry's arrest and conviction for fraud related to his expense account and the

decision by Mr. Willis not to subpoena five witnesses. (Doc. 11). He was also warned that it appeared that the statute of limitations may have run against him because the claim for denial of witnesses would, without more facts, have arisen when the request for witnesses was denied. (Doc. 11).

In his amended complaint, Plaintiff explains that Henry signed the revocation order and is responsible for the decision to revoke his parole and since Henry's conviction is based on fraud related to abuse of state funds, he must have denied inmate witnesses so the costs of subpoenas would not deplete the funds. He has attached over 100 pages of investigative reports he obtained that do not support this far reaching and sketchy theory. The bits of information contained in the investigative report show Henry misappropriated funds through the travel voucher system and expense account process. There is nothing even remotely related to state funds for prisoner legal services.

**I.      Standard of Review**

A court may dismiss a case proceeding *in forma pauperis* if the complaint fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915A.

*Pro se* complaints are to be held to a less stringent standard than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), *citing* Haines v. Kerner, 404 U.S. 519, 520-1, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, a plaintiff is still required to "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Worst v. Hart, 1995 WL 431357, *2 (N.D. Fla. 1995). It cannot be assumed that a Plaintiff will prove facts which have not been alleged. Quality Foods de

Centro America, 711 F.2d at 995, *citing* Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 103 S. Ct. 897, 902, 74 L. Ed. 2d 723 (1983). Hence, even though the pleading standard for a *pro se* complaint is quite liberal, "bald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). Additionally, the court's duty to construe a plaintiff's complaint liberally is not the equivalent of a duty to rewrite it. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993).

The Court is required to dismiss a complaint at any time if it is determined to be frivolous. 28 U.S.C. §1915(e)(2)(B)(I). Typically, a court should serve the complaint and have benefit of the defendant's response before making such a determination, but there are compelling reasons for immediately dismissing frivolous suits by prisoners since they unduly burden the courts, obscure meritorious claims, and require innocent parties to expend significant resources in their defense. Williams v. Secretary for the Department of Corrections, 131 Fed. Appx. 682, 686 (11th Cir. 2005). Dismissal prior to service is also appropriate when the Court determines from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless. Williams, *supra*; Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).

The facts pled are too conclusory to connect Defendant Henry to the decision to deny Plaintiff's witnesses. Plaintiff has not alleged that he requested witnesses from anyone but the parole examiner, Mr. Willis. The fact that Defendant Henry signed the revocation order or made the revocation decision does not imply that he made the decision to ignore Plaintiff's request for witnesses or even knew about such a request.

The theory that he needed to reserve state funds by denying requests for subpoenas so that he could misappropriate these funds later is too far fetched to warrant service of this complaint or the expenditure of additional time and expense by either the Defendant or the Court.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc. 12) **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this _**13th**_ day of January, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**