# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

PHILLIP VAN ZANT,

      Plaintiff,

v.	CASE NO. 4:08cv226-RH/AK

JIMMIE L. HENRY,

      Defendant.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation (document 13) and the objections (document 14). I have reviewed *de novo* the issues raised by the objections.

The plaintiff Phillip Van Zant asserts that his constitutional rights were denied when the Florida Parole Commission refused his request to subpoena witnesses for a parole revocation hearing. The hearing occurred in 2001 and led to revocation of Mr. Van Zant's parole. The sole defendant is Jimmie L. Henry, who was the chair of the Parole Commission at the time.

It is clear on the face of the amended complaint that the claims are barred by

the four-year statute of limitations. Mr. Van Zant's only ground for avoiding the statute is that he learned in 2005 of criminal acts of Mr. Henry: using state funds to pay for personal travel and for other improper purposes. Mr. Van Zant says this was the motive for denying his request for subpoenas: money saved on subpoenas was money available for Mr. Henry to steal.

The purported causal connection between the theft of state funds and the denial of subpoenas is more than a little farfetched. More fundamentally, the statute of limitations runs from the date when a plaintiff knows of a violation, not from the date when a plaintiff learns *the motive* for a violation. Mr. Van Zant knew in 2001 that his request for subpoenas had been denied and that his parole had been revoked. If he had a constitutional right to the subpoenas—not an obvious proposition—he knew in 2001 that the right had been violated. The statute of limitations was running. This case, filed in 2008, comes far too late.

Accordingly,

IT IS ORDERED:

The report and recommendation is ACCEPTED. The clerk must enter judgment stating, "This case is dismissed with prejudice under 28 U.S.C. §

*Case No: 4:08cv226-RH/AK*

1915(e)(2)(B)."  The clerk must close the file.

 SO ORDERED on February 14, 2009.

<u>s/Robert L. Hinkle</u><br>
Chief United States District Judge